Electronically Submitted
8/30/2019 3:34 PM
Hidalgo County Clerk
Accepted by: Ester Espinoza

CL-19-4730-G

CAUSE NO.

| | | |
|---|---|---|
| JOSE BORREGO, Plaintiff | § § § | IN THE COUNTY COURT |
| VS. | § § § | OF |
| ALLSTATE INDEMNITY COMPANY, Defendant | § § § | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **JOSE BORREGO,** hereinafter Plaintiff, and files this, Plaintiff's First Amended Petition complaining of **ALLSTATE INDEMNITY COMPANY,** hereinafter referred to by name or as "Defendant", and for cause would show unto the court and the jury the following:

### I. Discovery Control Plan and Statement as to Damages Sought

Plaintiff alleges that this suit should be governed by Level 1 of the Discovery Control Plan as required under Rule 190, Texas Rules of Civil Procedure.

Pursuant to Rule 47, Texas Rules of Civil Procedure, Plaintiff' counsel states that the damages sought herein are within the jurisdictional limits of the Court and that Plaintiff seeks damages in an amount less than $100,000.00.

Plaintiff seeks total recovery from defendant in an amount less than $75,000.00.

### II. Parties

Plaintiff is an individual and resident of the State of Texas and Hidalgo County, Texas.

Defendant **ALLSTATE INDEMNITY COMPANY** is a company licensed to issue homeowner insurance policies in the state of Texas and may be served in this lawsuit at:

CT Corporation System
1999 Bryan St., Suite 900
Dallas, Texas 75201-3136

Electronically Submitted
8/30/2019 3:34 PM
Hidalgo County Clerk
Accepted by: Ester Espinoza

CL-19-4730-G

### III. Jurisdiction and Venue

The relief and damages as set forth in this petition are within the jurisdictional limits of this Court.

Venue is proper in Hidalgo County, Texas in that all or a substantial part of the acts and/or omissions giving rise to this claim occurred in Hidalgo County, Texas and Hidalgo County, Texas is the county of residence of the victims.

All conditions precedent for bringing this lawsuit have been performed, waived or have occurred.

### IV. Factual Background

1. Plaintiff purchased a property owner's insurance policy from Defendant to cover potential losses to property located at **3001 Falcon, McAllen, Texas 78501**. All premiums were timely made and accepted by Defendant without mention of any reservations or concerns about defects or other construction problems with the home. In October 2015 Plaintiff filed a claim for covered losses with Defendant for damages to the property as a result of a fire and smoke damage to the property. After an initial investigation and adjustment of the claim by Defendant, Defendant made payments of only $25,809.15 notwithstanding that the property had incurred damages of $68,688.06. Subsequent to Plaintiff retaining counsel, Defendant made an additional $1,000.00 payment to Plaintiff which was a wrongfully withheld deductible. Thereafter on November 13, 2017 Defendant attempted to make a payment of $7,194.39 which was payment sent approximately four months after a reinspection of the property. That check has not been negotiated. Plaintiff seeks $41,878.91 in policy benefits.

Electronically Submitted
8/30/2019 3:34 PM
Hidalgo County Clerk
Accepted by: Ester Espinoza

**CL-19-4730-G**

2. As has become Defendant's custom and practice in handling claims in Texas, Plaintiff has been subjected to unreasonable delays on this claim, effectively denying the homeowners' insurance coverage he bought and paid for. At all times relevant, Plaintiff took reasonable steps to mitigate losses and to reasonably protect the property. Plaintiff has complied with all conditions and obligations under the policy of insurance.

3. Defendant participated in a scheme to wrongfully delay and deny Plaintiff' lawful claim for insurance coverage. The estimate written for Plaintiff' claim failed to include all of the clearly visible damages, did not include a reasonable basis to deny any portion of the claim, and was a pretext for the underpayment of the claim. The adjuster spent a short time at Plaintiff' property and failed to reasonably investigate the damage and honestly evaluate the repair costs, misrepresenting the extent and causation of the damage, the nature of the applicable coverage, and the Plaintiff' rights to recover damage cost under the applicable insurance coverage. Defendant has misrepresented the facts, misrepresented the insurance coverage and has conspired to wrongfully delay and deny resolution of Plaintiff' claim by significantly underestimating the damage repair cost. These false statements and wrongful acts constitute fraud and breach of contract, violations of the Texas Deceptive Trade Practices Act and the Texas Insurance Code for which Plaintiff sues Defendant to recover actual and statutory damages, interest, costs and attorney's fees.

## V. **CAUSES OF ACTION**

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

Electronically Submitted
8/30/2019 3:34 PM
Hidalgo County Clerk
Accepted by: Ester Espinoza

CL-19-4730-G

A.  Breach of Contract

The insurance policy in question issued by Defendant constitutes a written contract, the terms of which were to be fulfilled by both parties. All premiums were paid as per the terms of the contract. Under the terms of the contract and insurance policy Defendant provided insurance coverage to Plaintiff for the risk and perils contained within the policy. Plaintiff complied with all the duties required of Plaintiff under the contract. Defendant has breached its contractual obligations and promises made under the insurance policy because it has not promptly and reasonably investigated this claim and because it has misrepresented the coverage and fail to pay the reasonable value of the repair and damage costs related to this claim. Defendant, by its breach of the policy and deliberate delay of repairs to Plaintiff' property has waived any claim that Plaintiff is obligated to comply with any condition of the policy and is legally stopped to make such an assertion as a defense. By its delay, Defendant has caused Plaintiff to be forced to live in an unrepaired and storm damaged home, thereby causing other consequential damages.

B.  Breach of Duty of Good Faith and Fair Dealing

Defendant had a duty to act in good faith and to deal fairly with Plaintiff in connection with Plaintiff' claim for benefits under the insurance policy. Defendant failed to conduct a prompt and reasonable investigation of Plaintiff' claim and failed to pay benefits to Plaintiff when in the exercise of reasonable diligence Defendant knew or should have known that it was liable to pay Plaintiff' claims. As a proximate result of Defendant's tortuous conduct, Plaintiff has sustained damages in an amount exceeding the minimal jurisdictional limits of this court.

Furthermore, because Defendant intentionally violated this duty of good faith and fair dealing with malice, Plaintiff seeks to recover punitive damages in an amount that will deter Defendant, and others similarly situated, from repeating these bad faith acts.

Electronically Submitted
8/30/2019 3:34 PM
Hidalgo County Clerk
Accepted by: Ester Espinoza

CL-19-4730-G

C.   Violation of Section 542, Texas Insurance Code

Within the timeframe required after the receipt of actual or written notice of Plaintiff' claim, Defendant did not request from Plaintiff any items, statements, or forms that it reasonably believed at the time would be required from Plaintiff. As a result, Defendant has violated Sec. 542, Texas Insurance Code by failing to accept or reject Plaintiff' claim in writing within the statutory time frame.

D.   Violation of Section 541, Texas Insurance Code

Defendant has violated Chapter 541 of the Texas Insurance Code by misrepresenting terms and coverage of Plaintiff' insurance policy, as well as Defendants' actions in failing to effectuate a prompt, fair and equitable settlement of Plaintiff' claim when liability was reasonably clear. As a result, Plaintiff has suffered damages, including, but not limited to Plaintiff' claims under the policy and consequential damages resulting from Defendant's wrongful conduct and repair delay.

In that said violation or violations were committed knowingly, Plaintiff is entitled to additional damages as provided under the Texas Insurance Code.

By its acts, omissions, failures and conduct as described herein Defendant has engaged in unfair and deceptive acts or practices in the business of insurance in violation of Sec. 541, Texas Insurance Code. Specifically, Defendant is guilty of the following unfair insurance practices:

   a. Engaging in false, misleading, and deceptive acts or practices in the business if insurance;

   b. Engaging in unfair claims settlement practices;

   c. Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

Electronically Submitted
8/30/2019 3:34 PM
Hidalgo County Clerk
Accepted by: Ester Espinoza

**CL-19-4730-G**

d. Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear;

e. Failing to affirm or deny coverage of Plaintiffs' claims within a reasonable time;

f. Refusing to pay Plaintiff' claims without conducting a reasonable investigation with respect to the said claims;

g. Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim.

Further, Defendant was in violation of the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendant's conduct as described herein has resulted in Plaintiff' damages that are described in this petition.

Each of the above described acts, omissions, and failures of Defendant was done knowingly as that term is used in the Texas Insurance Code.

E. Mental Anguish

Defendant's conduct has caused Plaintiff to be compelled to live in an unrepaired home, caused by the misrepresentations, omissions and delay of Defendant and as a consequence of Defendant's negligent acts and/or omissions, their breach of contract and their bad faith, resulting in mental anguish for which Plaintiff should be compensated and for which Plaintiff hereby sue to recover damage.

F. Multiple Damages

The false, misleading and deceptive acts, omissions, practices committed by Defendant was done so "knowingly and Defendant had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

Electronically Submitted
8/30/2019 3:34 PM
Hidalgo County Clerk
Accepted by: Ester Espinoza

**CL-19-4730-G**

Further, such acts, omissions, and/or practices of Defendants as complained of herein were committed "intentionally" in that Defendant specifically intended for Plaintiff to act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness.

Accordingly, Plaintiff are entitled to multiple damages under the Texas Deceptive Trade Practices Act and the Texas Insurance Code.

### VI. Respondeat Superior

Each act or omission committed by any employee or agent of Defendant was committed during the course and scope of that employee's or agents employed with Defendant and thus Defendant is liable for said acts or omissions under the theory of *respondeat superior*.

### VII. WAIVER AND ESTOPPEL

Defendants has waived and is estopped form asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation o rights letter to Plaintiff.

### VIII. DAMAGES

Plaintiff seeks the recovery of actual damages in the amount they should have received under the policy of insurance described herein. Plaintiff further seeks the recovery of consequential damages from Defendants' breach of contract. Plaintiff is entitled to recover the amount of their claim plus an 18% per annum penalty on that claim as damages under Sec. 542, Texas Insurance Code, plus prejudgment interest and attorneys fees.

Plaintiffs seek additional damages as authorized under Sec. 17.50(b)(1), DTPA in that Defendant's acts, omissions, failures and conduct described herein were committed "intentionally" and "knowingly". Plaintiff seeks further additional damages under Sec. 541, Texas Insurance Code.

Electronically Submitted
8/30/2019 3:34 PM
Hidalgo County Clerk
Accepted by: Ester Espinoza

CL-19-4730-G

Plaintiffs seek the recovery of Exemplary Damages in an amount to be determined by the jury.

Plaintiffs seek the recovery of attorney fees pursuant to the provisions of Chapter 38, Texas Civil Practices & Remedies Code, Sec. 541 and Sec. 542, Texas Insurance Code.

Plaintiffs seek the recovery of court cost.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be duly cited to appear and answer herein. By reason of the above and foregoing, Plaintiff has been damaged in an amount within the jurisdictional limits of this Court. Plaintiff requests the awarding of pre-judgment and post-judgment interest at the maximum rate allowed by law. Plaintiff seeks the recovery of judgment against Defendant for Plaintiff's actual damages in an amount that the jury considers fair in their best judgment, for additional damages as provided by statute, for attorney fees as provided by law, for cost of court, and for such other relief, both in law and in equity, to which Plaintiff may be entitled. Plaintiff requests exemplary and punitive damages.

RESPECTFULLY SUBMITTED,

DAVIS LAW, P.C.
1320 N. 10th Street, Suite 140
McAllen, Texas 78501
Phone (956) 540-7807
Fax (956) 664-2500

By: *Timothy A. Davis*
Timm Davis
Texas Bar No. 00790570
timm@tdavislawpc.com